**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUN 1 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| LACY L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-0808 |
| | ) | |
| PRESIDENT BARACK OBAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

By Order of the United States Court of Appeals for the District of Columbia Circuit,

granting plaintiff's petition for a writ of mandamus, *see In re Williams*, No. 10-5122 (D.C. Cir.

Jan. 4, 2012), this Court has filed plaintiff's complaint and application to proceed *in forma*

*pauperis*.

Pursuant to the Prison Litigation Reform Act ("PLRA"), unless a prisoner "is under

imminent danger of serious physical injury," he may not proceed *in forma pauperis* if while

incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or

for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3,

6 (D.C. Cir. 2006). This provision "neither divests a prisoner of his right to bring a claim nor

changes the law in a way that adversely affects his prospects for success on the merits of the

claim." *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000). A prisoner who

is "not allowed to proceed [*in forma pauperis*] may pursue [his] substantive claims just as

anyone else by paying the filing fee." *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

1

"On at least three previous occasions, Williams filed actions in the [United States District Court for the Eastern District of North Carolina] that were dismissed as frivolous or for failure to state a claim upon which relief can be granted." *Williams v. Black*, No. 5:07-CT-3170, 2010 WL 2465152, at *8 (E.D.N.C. June 16, 2010) (citing cases). Notwithstanding allegations set forth in the complaint describing various medical conditions, plaintiff fails to demonstrate that he now faces imminent danger of serious physical injury. Plaintiff therefore does not fall within the sole exception to the "three strikes" provision of the PLRA, and this action may proceed only if he pays the filing fee of $350 in full. *See Williams v. Municipality of Raleigh, North Carolina*, No. 5:09-CT-3129, 2010 WL 2025877, at *1 (E.D.N.C. May 20, 2012) (finding that "imminent danger" exception did not apply and denying reconsideration of dismissal of complaint under 28 U.S.C. § 1915(g)).

Accordingly, it is hereby

ORDERED that, pursuant to 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* is DENIED; and it is further

ORDERED that, within 30 days of entry of this Order, plaintiff shall pay in full to the Clerk of Court the $350 filing fee. If plaintiff fails to make such payment timely, the Court will dismiss this civil action.

SO ORDERED.

DATE: 6\5\12

_____
United States District Judge